Good morning. My name is Mark Sheeley. I'm the plaintiff and appellant in this case. I am requesting the court to reverse the district court's decision to enter a summary judgment against me on the basis that there was no taking of my property for personal services as a lawyer and being required to serve as an arbitrator under the state's mandatory arbitration system and by virtue of the fact that I was not entitled to reimbursement for any out-of-pocket costs that I would incur as a result of that. This is an action for declaratory and injunctive relief, prospective relief. It is not an action for damages. It's a Section 1983 action. I think both parties have briefed the case well. I think the key issue here that I would like to address to the Court is the Court's and the defendant's argument that this case should be tested under the regulatory takings cases such as Penn Central as opposed to a per se taking case such as under Phillips v. Washington Legal Foundation and Brown v. Washington Legal Foundation. Now, for you to prevail here, just so that I'm certain of your argument, and in order for you to prevail, do you have to convince us to apply the per se test rather than the regulatory taking test set forth in Penn Central, or is there some alternative way that you can prevail? No, I believe that I can prevail under either test. It is my position that the per se taking test should apply because of the nature of the property involved. However, I do feel that if a regulatory taking is determined to be the proper test to apply, that I should still prevail on the basis that I satisfy the Penn Central tests, which are set out. It's a three-fold test. And before I get to that test, let me say there is a threshold issue here whether regulatory taking analysis should apply, and that is whether the defendants, in particular the Arizona Supreme Court, has the legal authority jurisdiction under the federal Constitution to require attorneys to serve in civil cases where there's no issue of deprivation of liberty by a criminal defendant who is impecunious. How do you distinguish Dillon? I'm sorry? How do you distinguish the Dillon case? On that basis. And also, you know, Dillon was a case in which the Court held that attorneys there was no taking of attorney's time or property when appointed to serve as in a representative capacity as opposed to a quasi-judicial capacity that we are dealing with here, in representing an indigent defendant in a criminal matter where there was an issue of whether the defendant may be incarcerated. None of that applies here. We have no indigent. Why is that a meaningful distinction? It seems to me that Dillon was rooted more in the traditions of the bar and the fact that it's a monopoly industry, if you will. It's licensed by the state. One of the conditions of licensure is regulation by the Supreme Court, and Supreme Courts of various states require different types of service from different types of attorneys. So why is it, in principle, any different from requiring pro bono representation? Well, number one, I mean, it still gets back to a tradition where there is an indigent defendant, i.e., one that has a constitutional right to the appointment of counsel. And the tradition going back centuries is that if counsel is appointed as a result of that, then that is something that is expected of counsel when they become a lawyer. This requirement that we have that I'm challenging today about mandatory arbitration service was never a condition of serving as an attorney in Arizona, nor is there any as a lawyer. Well, even if it had not been at a certain point, as officers of the court, is it not the responsibility of every officer, of every lawyer, to work under the direction of the Supreme Court of that State in order to regulate the bar and to provide with undue sacrifice the services needed for the smooth operation of the courts of that State? Not in this country, Your Honor. Well, it certainly isn't the State of Delaware where I come from. There is no authority in this country whatsoever that would support a proposition that, number one, this is a proper part of the regulation of attorneys by the Arizona Supreme Court. In fact, this Court has held that any qualification for bar admission must also have a rational connection for the applicant's fitness or capacity to practice law. That's Lupert cited in my brief citing Schwerer v. Board of Bar Examiners of the U.S. Supreme Court. That includes licensing, supervising the attorneys, and disciplining attorneys. Serving as an arbitrator in a situation where the three items you name, are those specified in the regulation, in the statute, in the Constitution? In the – I'm sorry, Your Honor. You name three requirements.  Where are those to be found? Well, they're in the various cases that I've cited in my brief. The fitness and capacity. They're not engraved or incised or expressed in any regulation or statute? In this Court's decision in Lupert v. California State Bar. So it's case law. Right. Citing the common law. Citing the U.S. Supreme Court. Also, there is a rule set out by the Arizona Supreme Court that defines what the practice of law is in our state. Makes no mention whatsoever, and again this is in the briefs, but makes no mention whatsoever of being required to serve in this type of capacity. Again, we're not dealing in a situation where someone needs counsel and can't afford it. This is where the taxpayers could easily pay for additional judges or pay for as arbitrators if that's the system that's chosen. The legislature, in fact, in our state chose to make it voluntary. The defendants in the question certified by the Arizona district court or the district court for Arizona said we can ignore that statute, even though that's part of the statutes that create this entire mandatory arbitration system in Arizona. Because the Supreme Court is the regulatory body and the state courts. Right. They said that this is part of regulation. Right. And my argument is it is not part of regulation. It doesn't go to the historical and traditional purposes of a Supreme Court regulating its state bar. You know, I won't dispute their statement that it helps the Arizona judiciary by having its attorneys serve in these arbitrations. It helps the whole Arizona state court system. Relieving congestion on the courts, determining an expeditious way to resolve disputes that can be resolved in that fashion and requiring a very minimal contribution on the part of the attorneys. And in Delaware, we have the same thing. And as an attorney, I participated in the same thing and found it not to be any demand upon me that I could not easily handle in my practice of the law. Again, Your Honor, I don't. The traditions are, and just to echo that, the traditions from state to state vary. Yes. I'm not aware of it. Some states have pro bono civil representation required. Some states have mediation requirements as they do in my state of Montana. The attorneys help out in mediation. These are parts of the tradition of the bar. It's hard for me to see how in principle it's different from representing an indigent defendant. Now, I understand that may have a stronger basis in law, but the theory is the same, is that the Supreme Court's or regulatory bodies, as a condition of continued licensure, may require certain types of pro bono or quasi pro bono representation or service. Your Honor, I am not aware that there is any state that has a requirement that this be done. In addition, we do have a system in our state that was created with the idea, it was created by the legislature for mandatory arbitration. It provided for voluntary service. Attorneys have never been required to become, as a condition of becoming a member of the bar, to agree to serve in civil cases where both parties, as well as the general public, can easily afford to pay for that service and to serve free. Now, this regulation was promulgated, what, in 1984? Do you know? 1974, I believe. 1974? And that predated your admission to the bar? That's correct. So why aren't you on notice that that's part of your requirements for licensure? I get licensed every year. As part of that process, I agree to certain things, none of which include this condition, Your Honor. No, but that seemed to be important in the Dillon case, where it says, an applicant for admission to practice law may be justly deemed to be aware of the traditions of the profession he's joining and to know that one of those traditions is the lawyer is an officer of the court obligated to represent indigents for little or no compensation on court order. Now, that was talking about that, but here, if, in fact, this requirement predated your admission to the bar, you're presumed to know about it. The concepts in Dillon are something that I knew about well before I ever even thought about becoming a lawyer, okay, just by virtue of books and other types of media, television and such, where attorneys are appointed to serve indigent counsel. Again, under the concept that since the counsel is afforded, again, I don't agree with Dillon, okay? There are many out there in this day and age that don't. But there is legal precedent going back several hundred years of tradition there. There is none for this. Well, you seem like you could be a good arbitrator. Are you just angry about the compensation? This has nothing to do with being angry, sir. No, I mean, what's upsetting you about this? As the factual record would indicate, you know, I don't practice in the areas that I do, nor do a lot of attorneys, in the areas that I'm being asked to arbitrate. This does not serve the public, in my estimation, when I'm asked to decide, you know, soft tissue damages and such, when I've never even tried or represented a client in any tort matter. Because you're a tax player, right? In any tort matter. You're a tax player. I specialize in tax. I do some litigation, but it's all in a tax or trust in the state's context. Did this document that was filed at the last minute by the other side, is there anything you want to say about this? No, I think that if I understand it, and I just looked at it before coming up here yesterday, I think it's just trying to create a current record. I think the only change that I saw in there, in distinction to what the original facts in this case were, is that attorneys who have served, and certainly counsel for defendants can, you know, clarify, but attorneys used to be required to serve as arbitrator in these cases if they had practiced for at least five years. So the main requirement there that's changed is it made it four years, correct. I didn't see anything else there that would impact this case, and I believe counsel for defendants has indicated that in her letter to the court. You have about two minutes left. Do you want to save some for rebuttal? Yes, Your Honor. May it please the Court, I'm Paula Bickett. I represent defendant appellees, the justices of the Arizona Supreme Court, and four Superior Court judges. At issue here is whether the Arizona requirement that attorneys serve as arbitrators violates Mr. Sheely's rights under the Fifth Amendment, whether it constitutes a taking. As Mr. Sheely indicated, his primary argument is that it constitutes a per se taking. And do we have case law out there that exactly answers the question whether this is a regulatory or a per se taking, or do you think that this is something that the court needs to address in an opinion, regardless of how the court rules? It may be helpful in the Ninth Circuit to address it in that United States v. Dillon did not, specifically did not reach the question of whether attorney services equate to a property interest. Well, if we look at this case, then, why is the requirement that an attorney devote two days a year to serving as an arbitrator not similar to the, quote, permanent physical invasion of property, however minor, which the Supreme Court stated in Lingle, is deemed to be a per se taking? I'm not aware of any cases that define services, especially services that are required as a regulation of a license to constitute property that is worthy of protection under the takings clause. The recent Supreme Court decisions in Brown and Phillips involved interest which belonged to clients, and there was no regulation of those clients. It was simply interest that would be attached to the principal, and therefore, in essence, easily calculated. In the end, they determined that there was no taking because there was no damage. Well, this is easily calculated. Mr. Sheely has an hourly rate. He spends X number of hours as an arbitrator. Why isn't that similar? Well, it's – I suppose in some situations, you might deem that services could be, but – and there are certain state courts that did equate services as property. But in this situation, we have a valid regulation by the Arizona Supreme Court that really isn't any different than a requirement to pay bar dues or to take continuing legal education courses. As Judge Roth noted, this – the Supreme Court found that this was a valid regulation of attorneys, and it was within their constitutional powers because they do have authority and the responsibility for the efficient administration of the courts in Arizona. Do you think Arizona Supreme Court has the constitutional authority to make attorneys work full-time as arbitrators and give up their private practice? No, Your Honor. I think at that point, it would constitute a taking more under the regulatory taking analysis. How about half-time? You said that we needed about half of the year to arbitration or other matters deemed necessary by the Arizona Supreme Court. Well, what some of the courts have looked at in applying what it would be akin to a regulatory takings test is the see if the regulation, in fact, deprives a person of the ability to make a profitable living. And if they had to devote half of their time to unpaid service, I think there's a very good argument that that would deprive them of that. So really you're not saying that this couldn't potentially constitute a taking. Aren't you just arguing that this particular regulation doesn't constitute an unconstitutional taking? Yes, Your Honor. Because I don't think there's any doubt that if you said to an attorney, well, I know you were in the private practice of law, but under regulation, you're going to have to work for us, that it would be hard to pass constitutional muster, wouldn't it? I think you're correct, Your Honor. It's a question of applying a balancing test. And although I – well, there is the regulatory test. I heard you say, though, still, that even if we had someone work a year, that that would still – you're still analyzing it under the regulatory taking? Yes, Your Honor, because what the case is – But you're saying then it would be too much time and you wouldn't be able to justify it, but – Well, see, that's why I was puzzling you, because I thought you started by saying there's no conceivable taking at all under these – in terms of depriving someone of income, it can't be a taking. And I think you switched to saying, yes, there can be a taking, but it depends on the circumstances. What's your position? Let me clarify. What I was saying is that there's not a per se taking, because services does not in and of itself equal a property interest. What the cases have said is that your right to practice law, your license in practicing law, constitutes a property interest. And so when a requirement interferes with your ability to make a living and to practice as a lawyer, then that is a taking. And so those – that analysis uses more of a regulatory taking type analysis. So there – if there's a substantial interference with a lawyer's ability to practice law, then there can be a taking. Let me just ask a practical question that doesn't necessarily reflect on the merits, but I think Mr. Shealy has sort of a good point in saying, look, I shouldn't be arbitrating outside my own area of expertise. How does the State Bar and the State Supreme Court handle that kind of complaint, or do you? And as the Court noted, the most recent adoption of the rule by their amendments of the rule now require attorneys who are experienced or have practiced for four years. The determination by the committees and the bar who put together this rule is that there is sufficient expertise in the practice of law, and there is sufficient expertise in the practice of practice of law. And there is sufficient expertise in anyone that has a license to practice and has practiced four years to arbitrate these two. You can pass the bar exam? They've passed the bar exam, and they've been practicing for four years. And the bar exam is relatively wide in the scope of the legal practice that it covers? Yes, Your Honor. Yes. And certainly our legal education is wide in the scope of areas that are covered. And there is Is continuing legal education required in Arizona? Yes, it is, Your Honor. And if you're a tax lawyer, can you simply just take continuing legal education and tax courses, or is there sufficient provided to fulfill the requirement? There is no restriction on how you fulfill your legal education requirements. So one could solely take tax courses. Okay. But you could also, if you felt you needed to brush up in another area, take the courses in another area? That's correct, Your Honor. So just to make sure I have a complete picture, you have dues requirements, you have plea requirements, you have arbitration requirements. Are there any other requirements of service that the Arizona Supreme Court imposes on attorneys? Do you have pro bono representation requirements? It's a aspirational requirement. Do you have representation of indigent criminal defendants requirement? It is compensated by statute in Arizona. At the same rate that a private attorney would bill? I believe it's set by the court at a certain rate, and I don't know that it's set by the court. It's equivalent to what a private attorney would bill, but there's the public defender's office, and then there's the ability for the court to appoint, and there's a statute that requires payment of that. Any further questions? Okay. Thank you. If the court then has no further questions, I would ask that the court affirm the district court's judgment, finding that there is no taking here, and dismissing Mr. Shealy's complaint. Thank you, Your Honor. I wanted to just quickly address a couple questions were asked here. In Arizona, in order to be board certified as a specialist in any area of practice, including tax, you're required to take at least 12 hours of your 15-hour-a-year requirement in that specific area. I have to take 12 hours at least of tax, and then another three hours of ethics. That's true in that certification or some other certification in the State. It's not that I can or can't. That's the requirement. It's not to say I couldn't take more hours over the 15 hours. That's just not provided. And the hours you take in continuing legal education, otherwise you might spend in billable activities? Or pro bono activities, Your Honor. I do a lot of pro bono work. But, I mean, you are depriving you are being deprived of the ability to go out and do billable hours by being required to take continuing legal education. No, continuing education, Your Honor, is a different matter because it's protecting the public. The whole purpose is to protect the public. But if you are not taking that, you might be doing billable hours. Your Honor, I don't object to continuing legal education. It's for the purpose of keeping attorneys up to speed, at least in some manner, to protect the public. So the fact that you can, to a certain degree, be deprived of accumulating all the billable hours that you want to is not the objection you have here? That is correct, Your Honor. There are two takings here involved, my services, license as an attorney and such. The second one that has not been addressed by defendants and seems to be ignored by the district court is they're taking overhead and out-of-pocket costs in doing these arbitrations. The Arizona Supreme Court itself has held that it recognizes that those are substantial. In Zerabia, the case Zerabia, which is cited in the briefs. And so I believe that attorneys under a per se taking of out-of-pocket costs are entitled for payment of those out-of-pocket costs if you aren't in the State of Arizona. And I believe Philip and Brown apply as a per se taking here. And I was asked earlier whether I felt that I'd also, my argument would also prevail under the regulatory taking. And the answer was yes, for the reasons we discussed, or I discussed. However, I really believe that these are intangible properties. These are personal services. This doesn't relate to real estate. This is private property. I spent many years and tens of thousands of dollars in getting to a point where I'm qualified in the State of Arizona Supreme Court's view to handle arbitration cases, and I should be compensated for it. Thank you. Thank you, counsel. Cases, sir, will be submitted.
judges: Roth , Thomas, Callahan